## ANGIER v. MASTERSON.

Where the complaint is verified, it is no error to allow the defendant to verify his answer before trial, unless it is shown that the plaintiff is thereby taken by surprise.

In a suit to foreclose a mortgage, it is competent for the defendants to introduce in evidence a subsequent written agreement of the parties, by which an assignment of the rents of the mortgaged premises, until full payment of the mortgage debt, is made by the mortgagor and accepted by the mortgagee.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The plaintiff filed his verified bill to foreclose a mortgage upon a certain ranch in San Joaquin County, on the 2d day of January, 1855, against Edward Masterson, and Mary Ann, his wife.

The answer, which was not verified, sets up in defence that subsequent to the maturity of the mortgage debt, the plaintiff and defendants entered into an agreement, by which the defendants assigned to the

plaintiff the rents of the mortgaged premises, until full payment of the debt and interest, and the plaintiff agreed to extend the time of payment one year, to-wit, till October 5th, 1855, and that said plaintiff had proceeded to collect the same, but had not credited defendants therewith.   On the day of trial, the plaintiff moved to strike out the answer as not verified, which motion the Court overruled and allowed the defendants to verify the answer, to which the plaintiff excepted.

The cause was tried before a jury, and the defendants offered in evidence an agreement in writing, dated two months after the maturity of the debt, and about three months before the commencement of this action, by which the defendant Edward Masterson assigned to plaintiff the rents, etc., of the mortgaged premises until full payment of the debt and interest, and the plaintiff acknowledged the receipt from Masterson of an order on the lessee of the mortgaged premises for the amount of the debt and interest to be paid in quarterly payments, to be endorsed when collected on a copy of a mortgage held by plaintiff, which should be delivered to Masterson when the last payment was made.   To the introduction of this agreement plaintiff objected.   The objection was overruled and the agreement was read in evidence, subject to plaintiff's exception.   The jury found a verdict for defendants, and judgment was entered accordingly.   Plaintiff appealed.

*Ralston & Wallace* for Appellant.

1. The Court erred in allowing the defendants to verify the answer without showing good cause upon affidavit.   Pr. Act, § 68.

2. The Court erred in admitting in evidence the subsequent agreement; it was not intended to cancel the mortgage but only as additional security in consideration of the extension of time.   Its introduction was calculated to mislead the jury, but it was really no defence to the action, which is in *chancery,* and to which a defence *at law* will not lie.   If the plaintiff foreclosed the mortgage in violation of the contract, the remedy of the defendants is in an action for damages on the contract.   Worrall *v.* Parmelee, 1 Comstock, 519; Boyle *v.* Coleman, 13 Barb., 42.

*D. W. Perley* for Respondent.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT.   Mr. Chief Justice MURRAY concurred.

The statement of the case is very meagre, and discloses nothing to show that there was error in the trial below.   It was no error to allow the defendant to verify his answer before trial, unless it in some way took the plaintiff by surprise, and this is not shown.

The written agreement offered in evidence was set up in the answer, to show that the plaintiff by means of it had collected a portion of the mortgage debt; for this purpose it was properly offered as a link in the chain of evidence.

Judgment affirmed.