[No. 8,008.—Department One.]

## R. T. BUELL *v.* C. BECKWITH.

VERIFICATION OF ANSWER—RULES OF COURT—DISCRETION—PRACTICE.—A rule of Court required the pleadings to be paged, and if the answer contained separate defenses, the same to be numbered. The answer of defendant, which was verified, was stricken out for want of conformity to this rule; but subsequently, having been paged and numbered, was, by leave of Court, refiled, without a re-verification, and the defendant moved to strike it out upon this ground.

*Held:* The corrections made in the answer did not change or modify its denials or averments so as to render necessary its re-verification; and if any necessity had existed for its re-verification, it was within the discretion of the Court to allow it to be done at any time before trial.

APPEAL from a judgment for the defendant in the Superior Court of Santa Barbara County.    HATCH, J.

*W. C. Stratton,* for Appellant.

*R. B. Canfield* and *E. B. Hall,* for Respondent.

McKEE, J.:

Appeal from the final judgment in an action brought against the defendant and respondent, as a tenant holding over after the expiration of his term.

Appellant contends that the Court below erred in denying a motion made by him to strike from the files the defendant's answer and to enter judgment in his favor, on the ground that when the answer was filed it was not verified as required by Section 1175, Code of Civil Procedure.   The answer, however, had been verified, and was filed in the case June 27, 1881; but it was not paged, and it contained several defenses which were not numbered according to Rule 6 of the trial Court, which required that "pleadings shall be paged, and that if answers contain more than one defense, the same shall be separately stated and plainly numbered, and that any pleading not so drawn may be stricken out, and will not be reinstated, except upon such terms as to costs as the Court may deem just."

Because the answer did not conform to this rule the Court ordered it stricken out; but subsequently, when the answer was paged and numbered in conformity with the rule, the Court ordered the answer reinstated, and allowed it to be refiled upon terms, which were complied with, and at the same time granted the defendant until July 5, 1881—the day set for the trial of the case—to reverify the answer if deemed necessary.   In fact, the answer was verified June 27, 1881, and afterwards July 5, 1881; and upon the complaint, and the answer thus doubly-verified, the case was tried and determined.

Non-conformity to the rule of the Court in non-essentials, was the only objection made to the answer as it was originally filed. Correcting it in those particulars did not change or modify its denials or averments, so as to render necessary its re-verification. And when, in its changed condition, it was refiled by leave of the Court, it was complete in itself under the rule of the Court, and conformed in its verification to the requirements of the Code, which regulated the proceedings in which it was filed. As a pleading unobjectionably verified in fact, and filed by leave of the Court, the plaintiff in the action could not regard it as a nullity, and move for judgment in the case as upon a default. Nor, after the pleading had been reinstated to its place on the files, could it be stricken out as an unverified answer, because it was, in fact, verified before filing, and no objection was made that the verification was, in any respect, defective. Therefore, there was no error of law in denying the plaintiff's motion to strike out the answer and to enter judgment for the plaintiff.

But if any necessity had existed for the re-verification of the answer after the order for its reinstatement and before refiling, it was within the discretion of the Court to allow it to be done at any time before the trial of the case. And having been done on the day of the trial, the presumption is— nothing appearing in the record to the contrary—that it was done before the trial commenced; so that, if there was any defect in the verification of June 27, 1881, it was cured by the re-verification of July 5, 1881. And, in allowing the last verification to be made, there was no abuse of discretion by the Court. (*Angier* v. *Masterson*, 6 Cal. 61; *Lybecker* v. *Murray*, 58 Cal. 186.)

Judgment affirmed.

ROSS and MCKINSTRY, JJ., concurred.