[S. F. No. 879. Department Two.—January 19, 1899.]

## F. MATTEUCCI et al., Appellants, v. RICHARD I. WHELAN, Respondent.

REPLEVIN OF ATTACHED PROPERTY—MOTION FOR JUDGMENT UPON PLEADINGS—AMENDMENT OF ANSWER—DENIAL OF TITLE.—In an action of replevin to recover property attached by the sheriff as the property of another person, under whom plaintiffs claim title, a motion for judgment upon the pleadings for want of a sufficient denial of plaintiff's title in the original answer may be obviated by the allowance of an amendment to the answer, in the discretion of the court, so as to make an unobjectionable denial thereof; and upon appeal, it is not necessary to determine whether the original answer sufficiently denied plaintiff's ownership or right to the possession of the property, at the time of the commencement of the action, if the denial in the amended answer is clearly sufficient.

ID.—EXECUTION SALE TO PLAINTIFFS—CHANGE OF POSSESSION—CONSTRUCTION OF CODE—INVALID ATTACHMENT.—Where the goods attached by the sheriff, and replevied by the plaintiffs, had been previously sold to the plaintiffs as third parties, under execution against the attachment debtor, the rule of section 3440 of the Civil Code, requiring an actual and continued change of possession to the purchasers as against other creditors of the debtor, does not apply, and the mere fact that the purchasers did not choose to remove the property from the control of the debtor, or afterward allowed him to resume control thereof as bailee, does not render the sale constructively fraudulent, so as to authorize an attachment thereof by other creditors of the debtor, as his property, and such an attachment is invalid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Hunt, Judge.

The amended answer was allowed to be filed after a motion had been made for judgment upon the pleadings for insufficiency of the denials of the original answer, upon condition of payment of costs to the plaintiff, after which the motion was overruled. Further facts are stated in the opinion of the court.

A. D. Splivalo, for Appellants.

Reddy, Campbell & Metson, for Respondent.

McFARLAND, J.—This action was brought to recover certain personal property situated in a building used as a restaurant. The defendant was sheriff, and on the second day of November, 1895, attached the said property as the property of one M. Zaro, under a writ of attachment issued in an action commenced against Zaro by one Witt. The jury, under instruction of the court, returned a verdict for defendant, upon which judgment in defendant's favor was rendered. Plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

The pleadings, evidence, and the conduct of the trial leave the case in an unfinished and confused condition. The learned judge of the court below well said that it was "a remarkable case."

The two main points made by appellants for reversal are: 1. That the court erred in denying plaintiffs' motion for judgment upon the pleadings; and 2. That the court erred in instructing the jury to find a verdict for the defendant.

1. The court did not err in denying the motion for a judgment in favor of the plaintiff on the pleadings. It is not necessary to determine whether or not the original answer sufficiently denies that at the time of the commencement of the action plaintiffs were the owners of or entitled to the possession of the property in question; the amended answer does contain such denial, and the court did not err in allowing the amended answer to be filed under the circumstances presented in the record.

2. On the 20th of June, 1895, the sheriff of the city and county of San Francisco, where the property involved was situated, by virtue of an execution issued in the case of one E. Isaacs against the said M. Zaro, sold the property in question here

at public auction to the plaintiffs in this present action and gave
possession thereof to the plaintiffs, together with a certificate of
sale thereof.      At that time Zaro was using the property in
conducting a restaurant at No. 161 Steuart street, in the city of
San Francisco.      Zaro had been acting as cook of the establish-
ment and had in his employ a man named Giovanni, whom the
plaintiffs employed to take charge of the business, and they hired
another man to assist him.      The plaintiffs were merchants and
visited the restaurant about once a day, supplying it with grocer-
ies, wines, et cetera, and paying the bills incurred in the business.
They also paid the rent of the premises for two months.      They
desired to sell the property as soon as they could find a purchaser;
but, after conducting the business in this way for about two
weeks and finding that it did not pay, they told Zaro that if he
could make it pay he might take the business himself at his own
expense until such time as the plaintiffs could find a purchaser.
Under this agreement Zaro went into possession and ran the
business from June until the next November, when the attach-
ment in the case of *Witt v. Zaro* was levied.      This last attach-
ment suit by Witt was for meat furnished Zaro a short time be-
fore the attachment was levied.      The foregoing were substantial-
ly all the facts proven.      There was no evidence at all connecting
the plaintiffs with Isaacs, under whose judgment against Zaro the
property was sold by the sheriff under execution in June.      From
all that appears the plaintiffs were strangers to that suit and
execution, and purchased at the public sheriff's sale as any other
stranger would have had the right to do.      It was with reference
to this sale under the execution in June that the court said in
the presence of the jury: "There is no evidence to show such an
actual, continued, exclusive change of possession as is required
under the statute of frauds," and instructed the jury, after the
case had been submitted, as follows: "In this case I am satisfied
that there was no such change of possession of this property as
the law required; that this alleged sale and alleged delivery of
possession of the restaurant was void as against this creditor rep-
resented by Mr. Witt, who commenced the attachment suit; and
the defendant is entitled to a verdict at your hands. Therefore, I
direct you to find a verdict in this case in favor of the defendant;
the clerk will give you the verdict, and you will select a foreman,

who will sign the same." The court evidently went upon the
theory that section 3440 of the Civil Code applies absolutely to
public judicial sales made by a sheriff under an execution; but
this principle does not apply to such a sale, at least where the
purchaser is a stranger and not a party in any way to the proceed-
ing. Section 698 of the Code of Civil Procedure provides that
a sale under execution by an officer conveys to the purchaser all
the right which the debtor had in the property on the day the
execution was levied. It has been held in some cases, although
the authorities are not uniform on the point, that where the
purchaser in such a case is the execution creditor the rule ap-
plies; but we have been referred to no case where it has been ap-
plied to a purchaser who is a stranger to the suit. We have
found no decision by this court in which the point was raised,
except the case of *O'Brien v. Chamberlain*, 50 Cal. 285; and in
that case the court expressly declined to decide the point. There
the execution debtor was Moffitt and the purchaser was O'Brien,
and the court below refused to instruct the jury that if Moffit con-
tinued in the possession of the goods after the sale they might
take that fact into consideration in determining whether or not
Moffitt or O'Brien was the real purchaser. This court reversed
the judgment for error in not giving the instruction and said:
"If the purchaser permits the property to remain in the posses-
sion of the judgment debtor, and allows him to exercise actual
ownership over it after the sale, the jury is authorized to consider
this circumstance in determining the question of actual fraud."
That was clearly correct; and if in the case at bar it could be held
that there was any question of actual fraud involved, it would
have been proper enough for the court to have instructed the
jury that in determining that question it could have considered
the fact that Zaro was allowed to resume possession of the prop-
erty; but under any circumstances it would not have been proper
for the court to have instructed the jury that this fact alone, as
matter of law, was determinative of an issue within the province
of the jury. The cases on the point are largely cited by Mr.
Freeman in his work on Executions, in his notes to paragraph
151. In the text he says that "When the plaintiff in execution
becomes the purchaser some of the American cases have con-
sidered that the necessity for a change of possession is as im-

perative as though the sale were voluntary; but in England the question has been determined otherwise"; and that: "It seems to be almost universally conceded that when a stranger to the writ purchases and pays for property at an execution sale, the fact that he does not choose to remove it from the control of the defendant neither renders the sale fraudulent *per se*, nor, unless connected with other circumstances of a suspicious character, creates any presumption against its good faith." One of the quotations which he gives from adjudicated cases is as follows: "Retention of possession by the former owner of a chattel sold at sheriff's sale is not an index of fraud, because the sale is not the act of the person retaining, but of the law; and because a judicial sale, being conducted by the sworn officer of the court, shall be deemed fair till it is proved otherwise. It may, like a judgment, be shown to be collusive and fraudulent in fact, but the presumption of the law is favorable to it in the first instance. A chattel thus purchased, then, may safely be left in the possession of the former owner on any contract of bailment that the law allows in any other case." We are of opinion that the court erred in instructing the jury in this case to find a verdict for the defendant, and for this reason the judgment must be reversed. (In the testimony of one of the plaintiffs there was an incidental reference to some other attachment, but what it was does not appear, and no importance seems to have been attached to it.)

In this case we decide merely the questions presented; if there be any other reasons why the judgment should have been for the respondent they are not before us.

The judgment and order appealed from are reversed.

Temple, J., and Henshaw, J., concurred.