[Civ. No. 4492. Second Appellate District, Division One. — September 13, 1926.]

E. C. EDDIE, Respondent, v. SCHUMACHER WALL BOARD COMPANY (a Corporation), Appellant.

[1] LANDLORD AND TENANT — DELIVERY OF POSSESSION — DAMAGES AWARDED LESSEE—APPEAL—RECORD—BILL OF EXCEPTIONS.—On an appeal by a lessee, who is dissatisfied with the amount of damages awarded to it on account of the lessor's failure to deliver possession of the leased premises at the time agreed upon or in proper condition to be used, from the judgment making such award, the sufficiency of the evidence upon the question of the amount of damages awarded cannot be examined on appeal, where the bill of exceptions recites that the evidence set forth therein is "a portion of the testimony on behalf of the defendant and a portion of the testimony on behalf of the plaintiff," and the trial court in approving the bill did so in accordance with a stipulation that the same contained "a part of the evidence offered by both plaintiff and defendant."

[2] ID.—INJURY TO LEASED PREMISES — ACTION BY LESSOR — TITLE — PLEADING—TRIAL.—In an action by a lessor to recover damages

---

1. See 2 Cal. Jur. 689.

for injury alleged to have been caused by the lessee to the leased premises in violation of the terms of two leases, defendant's contention that its motion for a new trial should have been granted because the complaint failed to state facts sufficient to constitute a cause of action, in that the complaint did not allege ownership by plaintiff of the property at the time when the alleged damages were inflicted upon the property by the defendant, cannot be sustained, where the fact of the lessor's ownership of the premises was both assumed and proved without objection, during the trial, as a fact which had existed prior to the leases and down to the date of the trial of the action.

[3] ID.—INSTRUCTIONS—RECORD.—In such action, relative to defendant's claim that the trial court erred by refusing to give to the jury certain requested instructions, plaintiff's point that the instructions given by the court are not contained in the record, and, therefore, that the refusal of the requested instructions may well have been justified by the fact that the substance of those requested instructions, in so far as the same were applicable to the case, may have been contained in the instructions given, is well taken.

[4] ID.—APPEAL—BURDEN TO PROVE ERROR.—The burden is on an appellant to establish the existence of prejudicial error affecting the merits of his appeal.

---

(1) 4 C. J., p. 535, n. 8.    (2) 31 Cyc., p. 723, n. 92.    (3) 4 C. J., p. 546, n. 75.    (4) 4 C. J., p. 912, n. 77.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frank R. Willis, Judge. Judgment affirmed; appeal from order denying a new trial dismissed.

The facts are stated in the opinion of the court.

Louis J. Euler for Appellant.

Charles J. Kelly for Respondent.

CONREY, P. J.—In November, 1919, Frank A. Garbutt and W. W. Orcutt entered into possession of described premises, including a certain building and appurtenances thereon in the city of Los Angeles under a lease from the plaintiff of said property, for the purpose of conducting therein a plaster-mill for the manufacture of wall board.

---

3.  See 2 Cal. Jur. 699; 2 R. C. L. 137.
4.  See 2 Cal. Jur. 493; 2 R. C. L. 131.

On August 30, 1920, defendant entered into possession of said building as sublessee of Garbutt and Orcutt and continued therein as such sublessee until the termination of the lease on November 16, 1920. At said time of entry by defendant the plaintiff executed a lease to the defendant of the same premises for the further period of one year commencing November 16, 1920. The defendant continued to occupy said building until November 16, 1921.

In said lease to defendant, defendant agreed that on the termination of the lease it would surrender the premises in as good order and condition as reasonable use and wear thereof should permit, damages by the elements excepted. In his complaint the plaintiff alleged certain abuses and resulting deteriorations of the property which were caused and permitted by the defendant, with resulting damage.

As a second cause of action the plaintiff alleged that on October 11, 1920, he made another lease to the defendant of a building adjoining the premises first above mentioned, and running for the same term as the other lease to defendant. Injury by defendant to said second leased building, with resultant damage to the plaintiff, is alleged in this second count of the complaint.

That the defendant occupied the premises as tenant of the plaintiff is an admitted fact. The issues which were submitted to the jury relate to the terms of agreement between the parties and their conduct in regard to performance of their several obligations. The defendant in its answer denied the several facts alleged as constituting injury and damage to plaintiff's property, and further by cross-complaint defendant claimed damage by reason of the alleged failure of plaintiff (cross-defendant) to deliver possession of the building covered by the second lease at the agreed time or in proper condition to be used; with resultant damage for which cross-complainant sought to obtain compensation. In accordance with the verdict of the jury, plaintiff recovered damages in the sum of $700, and defendant on its cross-complaint recovered damages in the sum of $120.

[1] Appellant is dissatisfied with the judgment allowing no more than $120 on its cross-complaint, instead of the sum of $803.34, which appellant claims should have been awarded in its favor. To this claim respondent sug-

gests, first, that the sufficiency of the evidence upon the issues tried cannot be examined on appeal, since the record is incomplete. The bill of exceptions recites that the evidence set forth therein is "a portion of the testimony on behalf of the defendant . . . and a portion of testimony on behalf of the plaintiff." The court in approving the bill did so in accordance with a stipulation that the same contained "a part of the evidence offered by both plaintiff and defendant." We think that respondent's objection is well taken. In a case where the bill of exceptions did not set forth any of the evidence received at the trial, the supreme court said: "In the absence of a record showing the evidence received in the case, the so-called special finding of the jury is conclusive upon this appeal that the damage for taking and withholding the property was shown to be $920, . . . " (*Nahhas* v. *Browning,* 181 Cal. 55 [6 A. L. R. 476, 183 Pac. 442].) Where the bill of exceptions did not contain the evidence in full but only disconnected extracts thereof, but the judge certified that there was sufficient evidence to justify the verdict and the findings, the supreme court said: "We must presume, since the record does not contain all the evidence, that had all thereof been presented it would, as stated by the court, appear therefrom that the evidence was sufficient to justify both the verdict and findings." (*Foster* v. *Young,* 172 Cal. 317, 320 [156 Pac. 476].) If in the case at bar it had been stated that the parts of the evidence which were set forth in the bill were all of the evidence on certain stated questions of fact, the sufficiency of the evidence pertinent to those questions might have been considered. But such an assumption of fact by this court would be contrary to the record.

[2] Appellant contends that the motion for new trial should have been granted because the complaint failed to state facts sufficient to constitute a cause of action, in that the complaint did not allege ownership by the plaintiff of the property at the time when the alleged damages were inflicted upon the said property by the defendant. The only authority cited by appellant is *Hill* v. *Pinque,* 56 Cal. App. 245 [204 Pac. 1097]. That decision is not applicable to a case like the present, wherein the action is maintained directly by the lessor of the defendant lessee.

Moreover, the fact of lessor's ownership of the premises was both assumed and proved without objection, during the trial, as a fact which had existed prior to the leases and down to the date of the trial of the action.

[3] In reply to appellant's claim that the court erred by refusing to give to the jury certain requested instructions, respondent replies that the instructions given by the court are not contained in the record on this appeal; and, therefore, that the refusal of the requested instructions may well have been justified by the fact that the substance of those requested instructions, in so far as the same were applicable to the case, may have been contained in the instructions given. Respondent's point is well taken. [4] The burden is on appellant to establish the existence of prejudicial error affecting the merits of his appeal, and this he has failed to do.

The judgment is affirmed, and the attempted appeal from the order denying motion for new trial is dismissed.

Houser, J., and York, J., concurred.