[Civ. No. 801.   Fifth Dist.   July 28, 1967.]

P.ACTOR CORPORATION et al., Plaintiffs and Appellants, v. MANPOWER INC. OF SACRAMENTO et al., Defendants and Respondents.

Colley & McGhee and N. Colley for Plaintiffs and Appellants.

Bradford & Stanley, Downey, Brand, Seymour & Rohwer and John F. Downey for Defendants and Respondents.

CONLEY, P. J.—Aside from what we later hold to be a futile attempt by respondents to attack an earlier and unconnected ruling, this case exclusively involves a judgment of dismissal after the sustaining of special and general demurrers to the second amended complaint without leave to amend.

There are two general issues to be determined:

1) Are the rulings sustaining the demurrers correct? and

2) If so, was it error to refuse to grant plaintiffs leave to amend?

It is our conclusion that the trial court properly sustained the demurrers, but we also hold, with some degree of hesitation, that the court erred in not permitting the filing of an amended complaint. Our hesitation hinges on the fact that counsel for plaintiffs do not seem to have corrected obvious errors shown by the earlier demurrers but have perpetuated early mistakes in their later pleadings; also, that they did not think the matter important enough to cross the river to Woodland from their Sacramento offices when the demurrers were argued. Plaintiffs cannot play fast and loose with the court. Judicial patience can legitimately wear thin.

Generally speaking, the litigation tests whether or not an organization, or organizations, in the business of furnishing temporary and permanent help to one or more commercial companies are responsible in damages to such other organizations if they supply for the vacant position a man with a criminal record who, thereafter, steals or embezzles from the person to whom his services are furnished. The Pactor Corporation and Pactor Sales Corporation are companies engaged in the business of manufacturing heavy, medium, and light compaction and leveling equipment. The defendant Manpower Inc. of Sacramento is a corporation organized under California law and engaged in the business of furnishing to commercial enterprises and others, for a consideration, temporary

and prospective employees. The other respondent, Manpower Franchises Inc., is a Delaware corporation authorized to do business in California, and principally engaged in organizing and letting contracts and agreements to local entities or persons for the purpose of furnishing personnel. It is alleged in their three successive complaints that the ''plaintiff'' applied to the defendants for the furnishing of an employee. There are two plaintiffs and this error of using the singular word ''plaintiff'' is frequently employed in the pleadings to such an extent that it might well lead to a conclusion that counsel were deliberately doing it for the purpose of disguising their actual allegations. The second amended complaint alleges that the defendants did, in fact, refer one Arthur R. Crowder to ''plaintiff'' to fill the job applied for, which involved ''keeping and maintaining minutes, records, handling funds and cash in the course of plaintiff's business,'' and that the defendants failed to inform plaintiff that Crowder had, in fact, committed thefts, embezzlements, and the execution of fraudulent checks, and, in fact, that he had been convicted of numerous felonies. It is further claimed in the successive pleadings that Crowder stole, embezzled or took for his own use the approximate sum of $6,000 of ''plaintiff's'' (again the singular) funds, and that ''plaintiff'' was further damaged in the sum of $250,000 because of the consequent loss of standing among creditors and business organizations.

■ In 1961, section 472d was added to the Code of Civil Procedure; it requires that the court, in ruling on a demurrer, ground or grounds upon which the decision or order is ''shall include in its decision . . . a statement of the specific based. . . .'' The trial court did not specify the grounds for sustaining the demurrers, and such failure was, of course, error. But the holding of the courts in California is that such error does not justify a reversal unless there is an affirmative showing of prejudice. (*Schuetram* v. *Granada Sanitary Dist.*, 229 Cal.App.2d 25, 31 [39 Cal.Rptr. 919] ; *Dam* v. *Lake Aliso Riding School*, 6 Cal.2d 395 [57 P.2d 1315] ; *Buxbom* v. *Smith*, 23 Cal.2d 535, 543 [145 P.2d 305].)

■ The burden is on an appellant to establish the existence of prejudicial error affecting the merits of the appeal. (*Eddie* v. *Schumacher Wall Board Co.*, 79 Cal.App. 318, 322 [249 P. 235] ; *Jenssen* v. *R.K.O. Studios, Inc.*, 20 Cal.App.2d 705, 707-708 [67 P.2d 757].) The appellants do not even mention the code section in their briefs, or the failure on the part of the trial court to observe it, as a ground for reversal.

On the contrary, the grounds of the several points raised by general and special demurrer are so clear that no one could mistake their thrust, although a few of the specifications contained in the demurrer of Manpower, Inc. of Sacramento appear to be overly captious. The plaintiffs should have no difficulty in apprehending and correcting the errors urged by the demurrers upon an amendment of the complaint as authorized in this opinion.

The complaint is ambiguous and uncertain in the many particulars specified in the demurrers, but it seems that a cause of action could be stated and the order forbidding leave to amend should be examined carefully. ■■■ "Where the defect is one of *form,* raised by *special demurrer,* and the elements of a cause of action are stated," even if a plaintiff has failed several times to file a good pleading if there is a reasonable possibility the defect can be cured by amendment the drastic action of the court is unwarranted. (2 Witkin, Cal. Procedure (1954) Pleading, § 505, p. 1496.)

■■ It appears to us from the allegations actually employed by plaintiffs in their second amended complaint that facts exist which warrant the pleading of a cause of action in proper form, and that, consequently, the trial court has manifestly abused its discretion by preventing an amendment. It is an underlying and persistent thought in the courts of this state that litigation should be tried upon its merits. Whether or not allegations setting up a proper cause of action comport with the facts as they exist is for the plaintiffs to determine; obviously, they cannot allege anything that they do not believe they can prove based on the true facts of the situation involved, but they have indicated that they can make such allegations and, if so, leave should be granted them to amend their pleading.

The defendant Manpower Franchises, Inc. seeks to support the judgment of the trial court by contending that it previously should have granted the motion of that party defendant for summary judgment, contending that if a judgment is correct, even though wrong reasons were given for it, it should be sustained. (*People* v. *Evans,* 249 Cal.App.2d 254, 262 [57 Cal.Rptr. 276]; Witkin, Cal. Procedure (1965 Supp.) Appeal, § 72. pp. 864-865.) This is a novel contention as applied to the situation here where the judgment was granted completely as to the form of the pleadings. We do not believe that such a judgment could be upheld solely on the ground that some earlier motion on an entirely different

theory should have been sustained. Furthermore, we are not persuaded that the trial court was in error in denying the summary judgment motion.

The judgment is affirmed insofar as it holds that the demurrers of the defendants, Manpower Inc. of Sacramento and Manpower Franchises Inc., to the second amended complaint are sustained, but the judgment is reversed insofar as it denies a right of the plaintiffs to file a third amended complaint, and, in this connection, upon the going down of the remittitur, the trial judge is directed to set aside the judgment of dismissal and that portion of the precedent order denying the plaintiffs the right to file a third amended complaint; the trial court is directed to make an order permitting plaintiffs to file such an amended complaint within 10 days after notice thereof shall be given to plaintiffs by counsel for the defendants. Each party shall bear its own costs of the appeal.

Stone, J., and Gargano, J., concurred.