**FLECK BROS. CO.,** Plaintiff-Appellant,

v.

**Rose M. SULLIVAN and William W. Nagel,** Copartners d/b/a **Manufacturers Clearing House of Illinois,** etc., et al., **Defendants-Appellees.**

**No. 16026.**

United States Court of Appeals
Seventh Circuit.

Oct. 12, 1967.

Ralph Jonas, Chicago, Ill., for plaintiff-appellant. Marks, Marks & Kaplan, Chicago, Ill., of counsel.

Mark A. Greenhouse, Harold Stotland, Chicago, Ill., for defendants-appellees. Collen & Kessler, Chicago, Ill., of counsel.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Action for libel.[1] The district court gave judgment for defendant, holding that the complaint failed to state a claim upon which relief can be granted.

The complaint discloses that plaintiff Fleck Bros. Co. is a distributor of plumbing, heating, and refrigerating supplies and equipment. Defendants are known as Manufacturers Clearing House of Illinois, and are in the business of rendering information with respect to the financial responsibility of businesses in the same or related categories.

The publication complained of is a letter which defendants sent out to people who were not subscribers to defendants' services, for the purpose of inducing them to subscribe.

---

1. Jurisdiction is based on diversity. Illinois law governs.

The letterhead announced that defendants are "A Mercantile Agency specializing in information regarding the financial responsibility and paying habits of distributors of plumbing, heating, cooling, hardware & mill supplies" and listed the following activities: "Capital Ratings, Paying Records, Mercantile Reports, Collections, Adjustments, Investigations." The body of the letter was as follows:

"May 31, 1963

"Gentlemen:

I just want to take this opportunity to quote from two recent subscriber (*) letters

'Enclosed is my check for $445.00 for 1963, also signed contract. I still think it is the best bargain in the plumbing and heating industry.'

'We offer our congratulations on the way you handled and collected the $4,072.11 from our customer, Fleck Bros. Co., Camden, N. J. It was $37.50 well spent.'

Do you feel this way about the service you are getting?

Yours very truly,
/s/ W. W. Nagel
General Manager

WWNagel/LL

*Names will be furnished upon request."

The pertinent Illinois law has been stated as follows:

"Thus, a written publication of false words in order to be libelous per se must, in these jurisdictions, by their plain, unambiguous and ordinary meaning, and without resort to innuendo or construction, be injurious on their face and impute some matter falling within the first four categories of offensive material as, in the case of oral utterances, would constitute slander per se. Any other kind of libel is regarded as one per quod, and, like slander, in every instance requires allegations and proof of special damage." [2]

The category of words relevant here is "4. Those prejudicing a particular party in his profession or trade;" [3]

█ The Supreme Court of Illinois has adopted an "innocent construction rule," saying:

"That rule holds that the article is to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law." [4]

Applying Illinois law, this court has held that a written direct accusation of fraud, mismanagement, or financial instability on the part of a business man or firm is libel per se, but that something less than a "direct" charge is not actionable without proof of special damages resulting from the publication.[5]

█ Considering defendants' circular letter merely on its face, its purpose was to advertise the satisfaction of defendants' customers with the service they received, and not to give information concerning plaintiff, though it surely did so incidentally.

Viewed strictly, the information so given was that defendants' subscriber had a claim against plaintiff on which defendants collected $4,072.11 in return for a fee of $37.50. This indicated a single instance in which plaintiff failed to pay an obligation in the ordinary course of business. Conceivably a single such instance could result from mistake or a good faith dispute over liability.

The letter did not, in terms, express the generalization that plaintiff customarily could not or would not settle accounts promptly, or that it is an unsound credit risk. Plaintiff contends such generalization was necessarily implied,

2. Whitby v. Associates Discount Corporation (1965), 59 Ill.App.2d 337, 207 N.E. 2d 482, 485.

3. Ibid. p. 484.

4. John v. Tribune Company (1962), 24 Ill.2d 437, 181 N.E.2d 105, 108.

5. Continental Nut Company v. Robert L. Berner Company (7th Cir. 1965), 345 F. 2d 395, 397.

and defendants concede that this generalization, if stated, would be actionable without proof of special damage.

Whether an indication that a business firm has in one instance failed to pay up without the intervention of a collection agency should be treated as an imputation of financial instability is perhaps a close question. Conceivably members of the business community would so consider it. We have found no helpful cases, although a venerable New York decision held that a statement that a judgment had been recovered was not actionable per se.[6]

We conclude, however, as did the district court, that the Illinois innocent construction rule requires the holding that the publication was not actionable without proof of special damage.

In dismissing the complaint, the district court also held that special damage had not been pleaded with sufficient particularity. We do not agree. The complaint discloses that this letter was distributed by an agency specializing in credit ratings and collections to persons from whom plaintiff might well be seeking credit. Although the complaint made general (and insufficient) claims of loss of reputation, it also averred that as a result of the letter plaintiff "has been and is still being refused normal credit terms by its suppliers" and has expended time, money, and effort to reestablish its credit. In our opinion, these averments sufficiently notify defendants of plaintiff's claim that it has suffered monetary loss as a result of refusals of credit, stemming in turn from the statement in defendants' letter. Procedures are available by which defendants can learn the names, circumstances, and amounts, and the details need not be pleaded.

The complaint should have been deemed sufficient.

Plaintiff included a second count, claiming an invasion of its right of privacy. Met by the contention that a corporation has no right of privacy,[7] counsel urges that he has pleaded a deliberate and malicious act, intended to injure plaintiff, and thus has sufficiently stated a tort claim other than for defamation.

We see no reason to discuss this count. If plaintiff can prove what it claims to have pleaded in Count II, and that it has been damaged thereby, it will have succeeded under Count I.

The judgment will be reversed and the cause remanded for further proceedings.

---

6. Woodruff v. Bradstreet Co. (1889), 116 N.Y. 217, 22 N.E. 354, 5 L.R.A. 555.

7. See United States v. Morton Salt Co. (1950), 338 U.S. 632, 652, 70 S.Ct. 357, 94 L.Ed. 401, 416; and Sec. 652 J, Comment c, Tentative Draft No. 13, Restatement of the Law, Second, Torts.