[Civ. No. 18588. Fourth Dist., Div. One. Aug. 30, 1979.]

RONALD P. LARMOUR et al., Cross-complainants and Appellants, v. NICHOLAS J. CAMPANALE et al., Cross-defendants and Respondents.

**COUNSEL**

Milton J. Silverman, Sr., for Cross-complainants and Appellants.

Leo Shaw for Cross-defendants and Respondents.

## OPINION

BUTTERMORE, J.*—In a first amended cross-complaint, appellants sought damages for libel and breach of a contract to buy their home. Respondents had agreed to purchase the home through an escrow at Mission Escrow Company, Inc. and to seek a loan commitment from the Veterans Administration. The deal fell through and this litigation followed.

■ The first cause of action for libel set forth a demand letter to appellants from respondents' attorney, with a copy to Mission Escrow. Following his demand for performance, counsel wrote he had advised his clients of their right to sue for specific performance and "possibly for punitive damages based upon fraud." A general demurrer to that cause was sustained without leave and no reasons were specified by the trial court as required by Code of Civil Procedure section 472d. While we are not prepared to say the letter is in fact libelous if it can be so construed, we hold it was fully privileged (*Lerette* v. *Dean Witter Organization, Inc.,* 60 Cal.App.3d 573 [131 Cal.Rptr. 592]).

The purpose of the privilege under Civil Code section 47[1] is to afford litigants the utmost freedom of access to the courts, to preserve and defend their rights (*Albertson* v. *Raboff,* 46 Cal.2d 375, 380 [295 P.2d 405]) and to protect attorneys during the course of their representation of their clients (*Smith* v. *Hatch,* 271 Cal.App.2d 39, 50 [76 Cal.Rptr. 350]). "It is . . . well established legal practice to communicate promptly with a potential adversary, setting out the claims made upon him, urging settlement, and warning of the alternative of judicial action." (*Lerette* v. *Dean Witter Organization, Inc., supra,* 60 Cal.App.3d 573, 577 [131 Cal.Rptr. 592].)

The *Lerette* demand letter was held to be privileged under Civil Code section 47. Unlike *Lerette* where the demand letter was sent from Dean Witter's attorney to the board chairman of the potential adversary, and to no one else, here a copy of the letter was sent to Mission Escrow which was handling the sale. A lawsuit relating to the transaction would

---

*Assigned by the Chairperson of the Judicial Council.

[1]Civil Code section 47 states, in part: "A privileged publication or broadcast is one made—

" . . . . . . . . . . . . . . . . .

"2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law;. . . ."

undoubtedly involve the escrow who held the buyers' $500 deposit. Keeping the escrow holder advised of legal developments in the transaction is not only proper to provide protection to the buyer but also to advise another "potential adversary" of the legal problems it too may face. In *Frank Pisano & Associates* v. *Taggart,* 29 Cal.App.3d 1, at page 25 [105 Cal.Rptr. 414], the court held filing a mechanic's lien is privileged under Civil Code section 47. In *Albertson* v. *Raboff, supra,* 46 Cal.2d 375, the court held the privilege attaches to the recording of a lis pendens. The court said in *Albertson* at pages 380-381: "It is our opinion that the privilege applies to any publication, such as the recordation of a notice of *lis pendens,* that is required (e.g., Code Civ. Proc., § 749) or permitted (e.g., Code Civ. Proc., § 409) by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked. (See 53 C.J.S., Libel and Slander, § 104, p. 168.) Thus, it is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits. *If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches. . . .*" (Italics added.)[2]

Mission Escrow had a real interest in the developing controversy and the attorney's letter informing the parties of his advice to his clients under the circumstances related to the potential lawsuit and was absolutely privileged.

---

[2]See Restatement Second of Torts, section 586, which reads as follows: "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding."

In the comment, the authors say: "*c. Relation of statement to proceedings.* The privilege stated in this Section is confined to statements made by an attorney while performing his function as such. Therefore it is available only when the defamatory matter has some reference to the subject matter of the proposed or pending litigation, although it need not be strictly relevant to any issue involved in it. Thus the fact that the defamatory publication is an unwarranted inference from the evidence is not enough to deprive the attorney of his privilege. So too, the publication of defamatory matter in a question to a witness may be within the privilege although the question is withdrawn or the witness is directed by the judge not to answer it. On the other hand, the privilege does not cover the attorney's publication of defamatory matter that has no connection whatever with the litigation.

" . . . . . . . . . . . . . . .

"*e.* As to communications preliminary to a proposed judicial proceeding the rule stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered."

The second cause of action was essentially for breach of contract to purchase cross-complainants' home. However, there were also allegations of respondents' invitation to appellants to enter a conspiracy and a breach of duty to obtain a loan. ██ Failure to specify the reasons for sustaining the demurrer was error, but a reversal is not required unless there is an affirmative showing of prejudice (*Pactor Corp.* v. *Manpower, Inc.,* 252 Cal.App.2d 1032 [60 Cal.Rptr. 878]). Appellants have the burden of showing a prejudicial effect on appeal (*Eddie* v. *Schumacher Wall Board Co.,* 79 Cal.App. 318, 322 [249 P. 235]; *Jenssen* v. *R.K.O. Studios, Inc.,* 20 Cal.App.2d 705, 707-708 [67 P.2d 757]). We believe they have not met this burden—there were four grounds advanced by the demurrer to the second cause. Appellants can assume the trial judge relied on all four in ruling and argue accordingly on appeal. However, we reverse the ruling on the second cause of action because the pleading, liberally construed, states a cause of action for breach of contract. (See 3 Witkin, Cal. Procedure (2d ed., 1971) Pleading, § 844, p. 2449.)

The third cause adds nothing to the second or first except an alleged attempted wrong against the Veterans Administration. Under no conceivable theory could it be amended to state a cause of action in favor of appellants.

### Disposition

The judgment dismissing the first and third causes of action is affirmed; the judgment dismissing the second cause of action is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.