David L. PAUL, Plaintiff,

v.

PREMIER ELECTRICAL CONSTRUCTION COMPANY, an Illinois Corporation, William J. Templeman, and Michael F. Hughes, Defendants.

No. 83 C 9509.

United States District Court,
N.D. Illinois, E.D.

March 22, 1984.

Theodore A. Shapero, Vincent A. Lavieri, Rudnick & Wolfe, Chicago, Ill., for plaintiff.

Patrick Mazza, Kurt J. Heinz, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff David L. Paul filed the instant lawsuit by way of a four-count complaint alleging that defendants defamed him and tortiously interfered with his business relationships by filing a notice and claim for mechanics lien against him. Jurisdiction over the suit is based on diversity of citizenship, 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(a).

Defendants have moved to dismiss the suit under Fed.R.Civ.P. 12(b)(6). For the reasons stated herein, defendants' motion to dismiss is granted.

Defendant Premier is an Illinois corporation primarily engaged in the electrical construction business. Defendants Templeman and Hughes are officers of the corporation. Plaintiff is the president of Am Mart Realty Corporation, a New York corporation in which Am Mart Realty Associates is a general partner. Am Mart Realty Associates is a limited partnership in which 666 Associates, also a limited partnership, is the general partner. 666 Associates holds a beneficial interest in a trust in which the American National Bank is the record owner of certain Chicago, Illinois real estate located at 666 North Lake Shore Drive which forms the subject of this lawsuit.

In December, 1980, 666 Associates and Morse/Diesel, Inc. entered into an agreement under which Morse/Diesel became the general contractor for the improvement of the real estate. Thereafter, in January, 1981, Morse/Diesel engaged Premier as a subcontractor to supply labor and materials for certain electrical work required under the general contract.

Following the completion of Premier's work, Morse/Diesel failed to pay Premier $626,280 due under the subcontract. In order to secure this claim, Premier filed a

notice and claim for mechanics lien with the Recorder of Deeds in Cook County, Illinois. As required by Illinois law, the notice of lien was filed against the record owner of the property, American National Bank, and those persons, including plaintiff, whom Premier believed might have an ownership interest in the property. Ill.Rev.Stat. ch. 82 ¶ 24 (1983). Notice of the lien was thereafter sent by certified mail to every owner and mortgagee of the property. Subsequently, plaintiff filed the instant lawsuit in the United States District Court for the Southern District of New York. The case was transferred to the Northern District of Illinois after Judge Morris E. Lasker of the Southern District of New York ruled that there was no personal jurisdiction over the defendants in that district, 576 F.Supp. 384.

## DISCUSSION

Plaintiff contends that he has no legal or equitable ownership in the subject property and that he was damaged by defendants' publication of the Mechanics Lien Claim. Counts I and II of the complaint seek damages and injunctive relief, respectively, for libel, while Count III seeks damages for the acts of defendants which have allegedly interfered with plaintiff's current and future business relationships. Count IV is also a tortious interference claim by which plaintiff seeks damages based on the allegation that the acts of defendants have jeopardized the purchase of a Florida bank by a Massachusetts company in which plaintiff holds a controlling interest.

■ Because this case is before the Court under diversity jurisdiction, the law of Illinois applies and is primarily that argued by the parties. *Fleck Bros. Co. v. Sullivan*, 385 F.2d 223 (7th Cir.1967); *Cantrell v. American Broadcasting Companies, Inc.*, 529 F.Supp. 746, 751–752 (N.D.Ill.1981). Nevertheless, Federal Rule of Civil Procedure 9(g) applies insofar as the required specificity of the allegations is concerned. *Brown and Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262 (7th Cir.1983).

## I. *The Libel Claims*

■ In Illinois the law of libel is controlled by the rule of innocent construction which requires that, where reasonable, statements must be innocently construed. According to the Illinois Supreme Court,

[A] written or oral statement is to be considered in context, with the words and the implications therefrom, given their natural and obvious meaning; if so construed the statement may reasonably be innocently interpreted ... it cannot be actionable *per se.*

*Chapski v. Copley Press*, 92 Ill.2d 344, 352, 65 Ill.Dec. 884, 442 N.E.2d 195 (1982).

According to the Illinois Supreme Court, the question of whether a statement may reasonably be innocently construed is initially a question of law; only if it is not capable of reasonably being innocently construed may the question be given to the finder of fact for a determination of whether it actually was so understood. *Id.*

■ The reasonable innocent construction law precludes liability and damages only where the plaintiff alleges libel *per se.* Libel *per se* has been defined to include those words which are "so obviously and naturally hurtful to the person aggrieved that proof of their injurious character can be, and is, dispensed with. *Reed v. Albarese*, 78 Ill.App.2d 53, 58, 223 N.E.2d 419 (1st Dist.1966), *quoted in American Pet Motels, Inc. v. Chicago Veterinary Medical Association*, 106 Ill.App.3d 626, 62 Ill. Dec. 325, 435 N.E.2d 1297 (1st Dist.1982). There are four categories of speech which define libel *per se.* These categories involve words which impute (1) the commission of a criminal offense; (2) infection with a communicable disease; (3) unfitness or want of integrity in the performance of the duties of an office or employment; or (4) the lack of an individual's ability to perform in his or her business, trade, or profession. *Fried v. Jacobson*, 107 Ill. App.3d 780, 63 Ill.Dec. 564, 438 N.E.2d 495 (1st Dist.1982); *American Pet Motels, Inc. v. Chicago Veterinary Medical Associa-*

*tion, supra.* Statements falling outside of these categories may only be actionable as libel *per quod* which requires that special damages be alleged. *Id.*

■ Plaintiff contends that the allegations in the case at bar fall under category (4) of the libel *per se* categories set out herein. In order to state a claim under that category, the plaintiff must complain of a statement which impugns his ability to perform in his business or profession. In the case at bar, plaintiff's business includes investments for which financing is generally necessary. Clearly, plaintiff's reputed ability to pay his debts influences his success in securing financing as well as the price he is required to pay for such financing, thus affecting the success of his investments. The Court therefore holds that the statements complained of fall within category (4) and that the subject matter is within the ambit of libel *per se* for which no special damages need be alleged. However, such a determination does not end the Court's inquiry.

As defendant has noted, the statements complained of may reasonably be innocently construed as a matter of law. The notice and claim in the Mechanics Lien, reasonably construed, merely advises plaintiff and others who may have a property interest that Morse/Diesel has a debt with defendant and that, under the law, defendant is thereby asserting an interest in the property. So construed, the notice does not state that plaintiff is in default but merely advises plaintiff and others that any property interest which they might have in the subject property could be endangered by the claim against the property. Because the notice and claim does not impugn plaintiff's creditworthiness, even if defendant did know that plaintiff had no actual interest in the property, the statement is nevertheless not defamatory as a matter of law as concerns plaintiff. Simply put, the Mechanic's Lien does not put plaintiff's creditworthiness into question.

■ Plaintiff's complaint would also fall if analyzed under a theory of libel *per quod*. The pleading of special damages in an action for libel *per quod* which, like the case at bar, is in federal court under diversity jurisdiction, is controlled by Fed.R. Civ.P. 9(g) which states that "items of special damages ... shall be specifically stated." In this Circuit, the pleader must do more than allege that the injury suffered was the natural result of the alleged libel. At very least, the allegation of special damage must be "explicit." *Brown and Williamson Tobacco Corp. v. Jacobson,* 713 F.2d 262, 270 (7th Cir.1983). Thus in *Brown and Williamson,* the Seventh Circuit held insufficient plaintiff's allegation that it had suffered and would continue to suffer as a result of the natural tendency of defendant's statements to undermine plaintiff's general reputation for honesty and decrease its sales and good will. The court distinguished its holding in *Continental Nut Co. v. Robert Berner Co.,* 345 F.2d 395 (7th Cir.1965), in which it held that plaintiff's claim of special damages was pleaded with sufficient specificity where the plaintiff had listed specific figures of its gross sales both before and after the publication of the statements along with its averments that the decrease in sales was the natural and proximate result of the statement. Similarly, the *Brown and Williamson* court noted with approval *Barton v. Barnett,* 226 F.Supp. 375 (N.D.Miss. 1964), in which the court held that despite lengthy allegations of damage, the plaintiff's failure to allege the specifics of *how* his reputation and his professional and business career had been damaged by defendant's statement was fatal to his claim of libel *per quod.*

In the case at bar, plaintiff's sole allegation of special damage is that as a result of defendant's publication of the lien, "Plaintiff's good name, reputation and business has been irreparably and permanently damaged in an amount in excess of $12,500,-000." No specific information is alleged as to the basis for that figure, the connection between the statement and the damage, or the specific nature of the damage. Conse-

quently, the complaint also fails to state a claim for libel *per quod.*[1]

## II. The Interference with Economic Advantage Claims

 Counts III and IV purport to state a claim for tortious interference with prospective economic advantage. In Illinois, the elements of this tort are (1) plaintiff's reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of the expectancy; (3) an intentional interference by the defendant which prevents the expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff from such interference. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 16 Ill.App.3d 709, 713–14, 306 N.E.2d 549 (1974).

 Count III of the complaint merely recites each of the legal elements of the tort without supplying actual facts in support of the allegations. It is well settled that while the court is required to accept those facts which are well pleaded as true, it need not accept as true the allegation of legal conclusions. *City of Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976); *Blackburn v. Fisk University,* 443 F.2d 121 (6th Cir.1971). As Count III merely alleges legal conclusions, it fails to state a claim and must be dismissed.

 Count IV is also insufficient. In Count IV, plaintiff realleges each paragraph contained in Count III and further alleges specific facts in support of a number of the factors. However, Count IV fails to allege actual damage but merely claims that a company of which plaintiff is an officer "may" not be able to complete a business transaction involving the purchase of a savings and loan association.[2] Thus Counts III and IV are also plainly insufficient.

## CONCLUSION

For the reasons stated herein, the Court holds that Counts I and II fail to state a claim for libel and that Counts III and IV fail to state a claim for tortious interference with business relationships. The complaint is therefore dismissed.

IT IS SO ORDERED.

---

1. Defendant also argues that the statement was absolutely privileged under the privilege afforded statements made in judicial proceedings. While the Court makes no judgment on this issue, it would appear that defendants' position has some merit. A lawsuit to foreclose a mechanics lien cannot be filed without first serving a notice and claim. Ill.Rev.Stat. ch. 82 ¶ 24 (1983). The notice and claim would thus appear to be an integral part of the judicial proceeding which falls within the privilege. *See Macie v. Clark Equipment Co.,* 8 Ill.App.3d 613, 290 N.E.2d 912 (1st Dist.1972); *Larmour v. Camponale,* 96 Cal.App.3d 566, 158 Cal.Rptr. 143 (1979).

2. Moreover, because defendant's actions were taken to protect its own economic interests, even if undertaken with malice, such conduct likely was privileged. *Bank Computer Network Corporation v. Continental Illinois National Bank,* 110 Ill.App.3d 492, 66 Ill.Dec. 160, 442 N.E.2d 586 (1st Dist.1982); *Petit v. Cuneo,* 290 Ill.App. 16, 22, 7 N.E.2d 774 (1st Dist.1937). *See also* footnote 1, *supra.*