**Stanley HAGENDORF,**
**Plaintiff-Appellant,**

**v.**

**David A. BROWN, Martin W. Basiszta,**
**Defendants-Appellees.**

**No. 82–4216.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1983.

Decided Feb. 15, 1983.

---

Robert E. Schaberg, Archer, Rosenak & Hanson, San Francisco, Cal., for plaintiff-appellant.

Stephen D. Fraser, Boornazian, Jensen & Garthe, George W. Ziser, Moore, Clifford, Wolfe, Larson, Oakland, Cal., for defendants-appellees.

Before MERRILL, WRIGHT, and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Hagendorf, a law professor and author, appeals from the dismissal of his defamation suit against his former student, David Brown, and Brown's attorney, Basiszta.

FACTS

In the fall of 1978, Brown's 1977 term paper to Professor Hagendorf was published in a legal periodical at the latter's suggestion. Neither the paper nor the periodical carried a copyright notice. Hagendorf later published an article on the same topic in a Commerce Clearing House (CCH) publication.

A month after the CCH publication, Basiszta, an attorney in a firm with which Brown was associated, sent two letters, one to Hagendorf and the other to CCH, stating that the article infringed Brown's copyright. It demanded retraction, acknowledgement of Brown's authorship, and further recompense.

Hagendorf sued Brown and Basiszta for defamation. He claimed that, because of the letter to CCH, he had been unable to have a second edition of a book published and had not received his usual number of lecture invitations.

A magistrate ruled that because the letter was a demand from an attorney it was absolutely privileged under California law. The district court accepted that recommen-

dation and dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(6). We affirm.

DISCUSSION

California Civil Code section 47(2) makes privileged those publications made in a judicial proceeding.[1] The privilege is absolute and unaffected by the presence of malice. *Tiedemann v. Superior Court,* 83 Cal.App.3d 918, 924, 148 Cal.Rptr. 242 (1978). The legislative purpose was to afford litigants access to the courts to preserve and defend their rights and to protect attorneys during the course of their legal representation. *Larmour v. Campanale,* 96 Cal.App.3d 566, 568, 158 Cal.Rptr. 143 (1979).

The absolute immunity attaches if the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. *Bradley v. Hartford Accident & Indemnity Co.,* 30 Cal.App.3d 818, 825, 106 Cal.Rptr. 718 (1973). Hagendorf contends that the letter in question does not satisfy these requirements.

He argues first that, because Brown's article was not copyrighted, Brown had no colorable claim of copyright infringement. He says that it follows that the publication could not have been made "in a judicial proceeding."

Hagendorf misconstrues the copyright law. Copyright subsists in works created but not published or copyrighted before 1978. 17 U.S.C. § 303. Registration is a prerequisite to an infringement action, *id.* § 411(a), but may be obtained at any time during the copyright term. *Id.* § 408(a). Publication without copyright notice does not invalidate a copyright registered within five years thereafter. *Id.* § 405(a)(2).

Brown's article was protected by copyright. By registering before the fall of 1983, he could sue for infringement.

The privilege extends to communications preliminary to a judicial proceeding. *Lerette v. Dean Witter Organization, Inc.,* 60 Cal.App.3d 573, 577, 131 Cal.Rptr. 592 (1976). Basiszta's letter was a communication preliminary to a copyright infringement suit and was made "in a judicial proceeding."

Hagendorf further contends that the letter had no "connection or logical relation" to an action nor was it "made to achieve the objects of the litigation" as required by the *Bradley* test.

The California courts apply a liberal standard for establishing the required relationship. *See Izzi v. Rellas,* 104 Cal.App.3d 254, 262, 163 Cal.Rptr. 689 (1980). Doubts are resolved in favor of relevancy and pertinency. *Id.* at 263, 163 Cal.Rptr. 689.

California courts have ruled explicitly that the privilege extends to preliminary communications such as demand letters from attorneys. *Larmour,* 96 Cal.App.3d at 568–69, 158 Cal.Rptr. 143; *Lerette,* 60 Cal. App.3d at 577–78, 131 Cal.Rptr. 592. Filing suit before the publication is not required. *Lerette,* at 577, 131 Cal.Rptr. 592. As noted in *Lerette,* counsel has a duty to seek settlement of a dispute without resort to the courts, and a demand is an established method of doing so. *Id.*

Basiszta's letter was an attempt to settle Brown's infringement claim. It was related to an action and made to achieve the object of an infringement suit.

Hagendorf contends also that the letter to CCH could not be absolutely privileged because a disclaimer in the book containing Hagendorf's article precluded CCH from being a defendant in an infringement action.[2] This argument is frivolous. The disclaimer is limited to views expressed in contributors' articles. It does not and could

---

1. California Civil Code section 47 states, in part: "A privileged publication or broadcast is one made ... 2. In any ... judicial proceeding ...."

2. The disclaimer stated: "Responsibility is not assumed by Commerce Clearing House, Inc. ... for the contents of the article or for the opinion expressed therein.

not disclaim liability for copyright infringement.

Because CCH was a potential party to an infringement suit by Brown, the letter directed to it also falls within the absolute privilege of section 47(2).

Hagendorf contends that the magistrate's recommendation, adopted by the district court, was based on findings of fact contrary to allegations in the complaint.

The magistrate's observations that Basiszta was Brown's attorney, that the purpose of the letter was to obtain a retraction, and that the letter was predicate to a lawsuit were obvious from the face of the letter, which was incorporated into the complaint.

■ Moreover, the determination that a publication is privileged under section 47(2) is a conclusion of law, not a finding of fact. As explained above, the letter meets all four requirements of the *Bradley* test. Basiszta's letter was absolutely privileged under California law.

AFFIRMED.