**Stanley HAGENDORF,
Plaintiff-Appellant,**

v.

**David A. BROWN, Martin W. Basiszta,
Defendants-Appellees.**

No. 82–4216.

United States Court of Appeals,
Ninth Circuit.

May 26, 1983.

As Amended June 6, 1983.

Robert E. Schaberg, Archer, Rosenak & Hanson, San Francisco, Cal., for plaintiff-appellant.

Stephen D. Fraser, Boornazian, Jensen & Garthe, George W. Ziser, Moore, Clifford, Wolfe, Larson & Trutner, Oakland, Cal., for defendants-appellees.

### ORDER

Before MERRILL, WRIGHT, and CHOY, Circuit Judges:

We have considered the petition for rehearing and opposition and treat the petition as one for reconsideration, which is granted. Hagendorf argues correctly that one condition for maintaining a valid copyright following publication without copyright notice is "a reasonable effort ... to add notice to all copies ... distributed to the public in the United States after the omission has been discovered." 17 U.S.C. § 405(a)(2). *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 827 (11th Cir.1982).

■ However, this court was not adjudicating a copyright claim by Brown, but rather the applicability of California's "judicial proceeding" privilege in a libel action by Hagendorf. Brown did not need a win-

ning claim to be able to invoke the privilege, *see, e.g., Albertson v. Raboff,* 46 Cal.2d 375, 295 P.2d 405, 409, 410 (Cal.1956), and it was not our intention to imply that he had one.

■ But the privilege does not apply to communications that "facially excee[d] any legitimate purpose." *Herzog v. "A" Company, Inc.,* 138 Cal.App.3d 656, 188 Cal.Rptr. 155, 158 (App.1982). We found it necessary to respond to Hagendorf's argument that Brown had no copyright and no colorable copyright claim.

Our copyright discussion was intended to convey two major points about the new copyright law, which became effective January 1, 1978: (1) federal copyright protection subsists in works fixed in a tangible medium of expression if they were not in the public domain before 1978. Copyright registration, while a prerequisite to a copyright suit, is no longer the act that creates federal copyright protection. *See* 17 U.S.C. §§ 102, 303; and (2) a work published without copyright notice no longer automatically enters the public domain. *See id.* § 405(a).[1]

The opinion of February 15, 1983, reported in 699 F.2d 478 (9th Cir.1983), is amended as follows:

■ The paragraph labeled headnote 3, page 480, is corrected so that the last sentence reads:

Publication without copyright notice does not necessarily invalidate a copyright registered within five years thereafter. *Id.* § 405(a)(2).

■ The paragraph labeled headnote 4, page 480, is corrected to read:

Brown's article was protected by copyright.[1a] By registering before the fall of 1983, he could sue for infringement.

[1a] Publication without copyright notice did not divest it of this protection if no copies of the legal periodical were distributed domestically after the omission was discovered or if Brown made reasonable efforts to add notice to any that were. 17 U.S.C. § 405(a)(2).

---

1. It is immaterial that an innocent infringer who relies on the omission of copyright notice is immune from damages accrued up to the time he receives notice of registration. 17 U.S.C. § 405(b). Injunctive remedies are avail-

able against him. *Id.* §§ 405(b), 502. The letter in question in this lawsuit demanded only retraction of the article and attribution of it to Brown. It merely suggested further recompense.