Irving **PINTO**, Barry **Gussoff**, and Charles **Polin**, Plaintiffs,

v.

**INTERNATIONALE SET, INC.**, Defendant.

Civil No. 4–86–60.

United States District Court, D. Minnesota, Fourth Division.

Aug. 20, 1986.

---

Frank R. Berman, Scott G. Harris, James E. Kelly, Minneapolis, Minn., appeared on behalf of plaintiffs.

Gregory C. Brown, Leonard, Street & Deinard, George F. McGunnigle, Jr., Minneapolis, Minn., (Arthur B. Kalnit, Woodland Hills, Cal., of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Irving Pinto, Barry Gussoff, and Charles Polin brought this action for damages against their former employer, Internationale Set, alleging intentional interference with business and contractual relationships, defamation, and "trade libel." Jurisdiction is based upon diversity of citizenship. The matter is now before this court on defendant's motions for judgment on the pleadings or transfer to the United States District Court for the Central District of California.

*Background*

Plaintiffs were sales representatives for defendant, a California-based importer and wholesalers of women's clothing. Pinto lives in Minnesota and sold defendant's products there and in surrounding states. Gusoff's territory included his home state of Georgia and several surrounding states. Polin, a Pennsylvania resident, sold defendant's goods in the mid-Atlantic region. Each plaintiff also marketed other merchandise. In early December 1985, plaintiffs resigned their position with Internationale Set, effective January 1, 1986. Shortly after their resignations, they began working for defendant's competitor, Beeba's Creations, Inc., which is also based in California.

On January 2, 1986, defendant's counsel, Arthur Kalnit sent a letter to plaintiffs and Beeba's president Arjun Waney. The letter began "You are hereby advised that ... litigation for huge compensatory and punitive damages will shortly be instituted against the appropriate parties for fraud and misrepresentation as well as for various forms of unfair competition and conspiracy arising out of the following acts and misconduct...." Kalnit went on to assert that Waney and plaintiffs had re-

peatedly told Internationale Set officers they would not enter into any agreement to compete with Internationale Set's knit wear lines. He accused plaintiffs of "abrupt and conspiratorial termination" of their relationships with Internationale Set and a variety of misrepresentations, use of trade secrets, interference with contract, and other misdeeds. He "cautioned [plaintiffs] not to engage in any similar future misconduct as this [would] only add to [the] enormous damages."

Shortly after receiving Kalnit's letter, plaintiffs brought this action. They allege that the letter defamed them and interfered with their advantageous business and contractual relationships with each other and with Beeba's. They also assert that defendant is guilty of trade libel because it has made false statements to various of plaintiff's customers, suggesting that plaintiffs fail to provide service to their accounts and deny the customers "mark downs." On March 18, 1986, defendant filed an eight-count complaint in California Superior Court; it seeks compensatory and punitive damages and injunctive relief.

*Discussion*

Defendants have moved for judgment on the pleadings on the first two counts of the complaint. The court may grant such a Fed.R.Civ.P. 12(c) motion only "where the movant clearly establishes that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters and Butcher Workmen,* 627 F.2d 853, 855 (8th Cir.1980). The court must "construe all well pleaded factual allegations of the non-moving party as true, and ... draw in favor of that party all reasonable inferences from the facts." *Id.* (citation omitted).

█ Defendant is entitled to judgment on plaintiffs' libel claim because the publication of the letter was absolutely privileged under both Minnesota and California

law.[1] A publication made in any judicial proceeding is absolutely privileged. Cal. Civ.Code § 47(2); *Matthis v. Kennedy,* 243 Minn. 219, 67 N.W.2d 413 (1954). This "privilege to defame in the course of judicial proceedings is not limited to statements during trial, but can extend ... to steps taken prior thereto." *Lerette v. Dean Witter Organization, Inc.,* 60 Cal. App.3d 573, 131 Cal.Rptr. 592, 594–95 (1976). *See also Matthis v. Kennedy,* 67 N.W.2d at 419 ("An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding ... if it has some relation thereto.") (quoting Restatement of Torts § 586 (1938)); Restatement (Second) of Torts § 586 (1977) (same) and § 587 ("A party to a private litigation ... is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding ... if the matter has some relation to the proceeding.") The fact that the attorney or party files suit does not, of course, cure all previous defamation. *See, e.g., Lerette,* 131 Cal.Rptr. at 595 n. 6.

█ The communication must also have "some connection or logical relation to the action," be "made to achieve the objects of the litigation," and "involve litigants or other participants authorized by law." *Hagendorf v. Brown,* 699 F.2d 478, 479 (applying California law), *modified,* 707 F.2d 1018 (9th Cir.1983) (privilege "does not apply to communication that facially excee[d] any legitimate purpose"). Malice does not bar the assertion of the privilege. *See Hagendorf,* 699 F.2d at 480; *Matthis,* 67 N.W.2d at 418. Whether the communication is relevant and therefore privileged is a question of law. *Matthis v. Kennedy,* 67 N.W.2d at 418.

There is no question that Kalnit's letter meets the test for absolute immunity: it was written in anticipation of the March

---

**1.** Plaintiffs argue that Minnesota law governs this case, while defendants urge the application of California law. Where the laws of both states would require the same result, however, there is no conflict of laws, and the court need not determine which state's law should govern. *See Milkovich v. Saari,* 295 Minn. 155, 203 N.W.2d 408 (1973).

1986 litigation, it concerns the claims made in that litigation, it seeks to dissuade plaintiffs from further engaging in the alleged activities which gave rise to the litigation, and it was directed to plaintiffs and their new employer on defendant's behalf.

The same absolute privilege entitles defendant to judgment on plaintiffs' claim for intentional interference with contractual and business relations, which is based entirely upon the privilege letter. In California, the privilege "applies to any type of injury resulting from publications within the protected proceeding, . . . . however labelled and whatever the theory of liability . . . ." *Rosenthal v. Irell & Manella*, 135 Cal.App.3d 121, 185 Cal.Rptr. 92 (1982) (dismissing claim of intentional interference with contractual relations; *see also Ribas v. Clark*, 38 Cal.3d 355, 212 Cal.Rptr. 143, 149, 696 P.2d 637, 643 (1985) (statutory privilege "applies to virtually all other causes of action, with the exception of actions for malicious prosecution"). Similarly, in Minnesota, a plaintiff cannot elude the absolute privilege by relabeling a claim that sounds in defamation. *See, e.g., Freier v. Independent School District No. 197*, 356 N.W.2d 724, 733 (Minn.App.1984) (where defamation and infliction of emotional distress were "merely two different labels for the same alleged tort . . . the doctrine of absolute privilege applies with equal force to both claims"). *C.f. Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775, 793 (1975) (where plaintiff asserted claims of defamation and interference with business relationship stemming from the same defamation, both actions were governed by the shorter statute of limitations for defamation), *cert. denied*, 425 U.S. 945, 96 S.Ct. 1689, 48 L.Ed.2d 190 (1976).

■ Defendant seeks dismissal of plaintiffs' third claim for failure to plead libel with the requisite specificity. Plaintiffs allege "trade libel," but the facts they assert do not state a claim for trade libel. Under the laws of both Minnesota and California, trade libel is a statement disparaging "land, chattels, or intangible things." *Surgidev Corp. v. Eye Technology Inc.*, 625 F.Supp. 800, 806–07 (D.Minn.1986) (applying Minnesota law); *Barnes-Hind, Inc. v. Superior Court*, 181 Cal.App.3d 377, 226 Cal.Rptr. 354, 356 (1986). Plaintiffs do not allege that defendant has libeled their products, but that it has defamed their reputations as business people. This is not trade libel, but slander. *See, e.g., Surgidev*, 625 F.Supp. at 806–07; *Barnes-Hind*, 226 Cal. Rptr. at 356. A claim for defamation must be pleaded with specificity. *E.g. Asay v. Hallmark Cards*, 594 F.2d 692, 698–99 (8th Cir.1979). Plaintiffs have failed to allege who made the allegedly libelous statements, to whom they were made, and where. It is not even clear whether Gusoff and Polin assert that they have been libeled; the only incidents identified involve Pinto's relationship with Minnesota businesses. Given an opportunity to replead a claim for common law libel based on evidence other than the privileged letter, plaintiffs might be able to state a claim which would survive a Rule 12(b)(6) motion. This is the only count left in their suit, however, and defendant has made a strong case for transfer to California.[2] Under the

**2.** "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This action could have been brought in the Central District of California, defendant's principal place of business. 28 U.S.C. § 1391(a). The convenience of the parties does not weigh heavily in either direction: a California forum would be relatively inconvenient for plaintiff Pinto, and a Minnesota forum would be relatively inconvenient for defendant. Plaintiffs Gussoff and Polin do not reside in or near either possible forum; but their current relationship with Beeba's may provide them and Pinto with continuing ties to California. The convenience of the non-party witnesses also is not determinative. The interests of justice, however, favor transfer. All of the parties have substantial connections to the Central District of California; Gussoff and Polin have suggested absolutely no contacts with Minnesota. The dispute that gives rise to this litigation is centered in California, where both Internationale Set and Beeba's are based. Defendant's closely related suit is pending in California, and the interest of justice favors consolidation of a dispute in a single forum. *In re Nine Mile, Ltd.*, 692 F.2d 56, 60 (8th Cir.1982). Where both forums are appropriate, the cases should gener-

circumstances, it is best to dismiss this claim without prejudice and permit plaintiffs to bring their claim, if it is viable, as a counterclaim to the suit pending in California.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion for judgment on the pleadings on counts one and two of the complaint is granted and those claims are dismissed.

2. Defendant's motion to dismiss count three of the complaint is granted and that claim is dismissed without prejudice.

3. Defendant's motion to transfer this action is denied as moot.

ally be heard in the forum of the first-filed case, but here other factors, including the questiona-

ble viability of plaintiffs' claim for slander, favor transfer.