985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Blagden ANDERSON, Plaintiff-Appellant,
v.
GIBSON, DUNN & CRUTCHER; Rockwell International
Corporation; Jan E. Eakins; William F.
Highberger, et al., Defendants-Appellees.
 Nos. 91-55733, 91-56329.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Feb. 9, 1993.
As Amended on Denial of Rehearing April 8, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-1573-SVW; Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED AND REMANDED.
 Before WALLACE, Chief Judge SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Anderson ("Anderson") appeals several district court orders entered against him in this thirteen count civil action. These include the denial of Anderson's motion to disqualify the presiding district judge, the dismissal of his complaint with prejudice under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure the imposition of Rule 11 sanctions, and the denial of his motion to correct the record. The appellees ask this court to levy additional sanctions against Anderson pursuant to Federal Rule of Appellate Procedure 38. The district court had jurisdiction under 18 U.S.C. § 1965, 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367(a). This court has jurisdiction under 28 U.S.C. § 1291. For the reasons stated below, we affirm the lower court orders and conclude that Rule 38 sanctions should be imposed.
 
 
 3
 * Anderson claims that his motion to disqualify the district judge in this case was erroneously denied. He contends that disqualification was warranted for two reasons. First, the district judge was appointed by President Ronald Reagan, a client of Gibson, Dunn & Crutcher, and was therefore biased in favor of the defendants. Second, the district judge could not objectively review the findings made in the previous litigation involving Anderson and the defendants because the findings were made by another district judge.
 
 
 4
 Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for disqualification under § 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991). We conclude that Anderson fails to satisfy this standard.
 
 
 5
 Anderson's suggestion that the district judge was biased because he was appointed by President Reagan is simply too attenuated to create the impression of impartiality. Indeed, courts have refused to disqualify judges under far more suggestive circumstances. See Home Placement Service Inc. v. Providence Journal Co., 739 F.2d 671, 673 (1st Cir.1984). In addition, Anderson's allegation that the district judge was incapable of impartially reviewing the findings of a colleague is not supported by any evidence. It also conflicts with existing case law. See Meyer v. Foti, 720 F.Supp. 1234, 1238 n. 5, 1241 n. 16 (E.D.La.1989). Thus, because no reasonable person would question the district judge's impartiality, the district court did not abuse its discretion in denying Anderson's motion for disqualification.
 
 
 6
 Furthermore, Anderson was not entitled to a hearing on the motion for disqualification. As appellees point out in their brief, Local Rule 7.11 provides that a hearing is not necessary unless required by statute. The applicable statute in this case, 28 U.S.C. § 455, does not require a hearing on a motion for disqualification. Because the district court was not required to hold a hearing and because Anderson's motion was obviously baseless, we hold that the district court did not abuse its discretion by refusing to grant Anderson's request for a hearing on his motion for disqualification.
 
 II
 
 7
 Anderson contends that the district court erred in dismissing his complaint under Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. We consider separately the dismissal of the civil RICO claim and the various California common law claims.
 
 A. The RICO Claim
 
 8
 In his complaint, Anderson attempted to outline a RICO claim based on the defendants' representation that he talked to Charles Nealy about Nealy's case against Rockwell. The district court found that this claim failed for several reasons. We agree.
 
 
 9
 As an initial matter, Anderson did not specify which section of 18 U.S.C. § 1962 he was invoking. Because subsections (a)-(d) prohibit different types of conduct and are not applied in identical fashion,[1] this omission made it impossible for the defendants to adequately respond to Anderson's allegations. The district court was justified in dismissing the RICO claim on this ground alone.
 
 
 10
 In addition, Anderson's complaint failed because he did not satisfy the pattern requirement necessary for establishing a RICO violation. In determining whether a pattern exists, the test is whether the predicate acts pose a threat of continuing activity. United Energy Owners v. United Energy Management, 837 F.2d 356, 360 (9th Cir.1988). In his complaint, Anderson documented a single, isolated transaction. His bald assertion that the defendants regularly conduct business dishonestly did not evidence a threat of continuing activity. See also Medallion Television Ent. v. SelecTV of Cal., 833 F.2d 1360, 1363-65 (9th Cir.1987).
 
 
 11
 The district court was also justified in dismissing Anderson's RICO claim because he did not comply with Rule 9(b) of the Federal Rules of Civil Procedure. This circuit has held that when a plaintiff alleges mail and wire fraud as the predicate acts underlying a RICO claim, he must state the time, place, and specific content of the false representations as well as the identities of the parties to the representation. Schreiber Distributing v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986). Aside from a reference to March, 1990, Anderson's complaint does not contain the requisite degree of specificity to satisfy Rule 9(b). Id.
 
 
 12
 Finally, we conclude that dismissal of Anderson's complaint was warranted under 18 U.S.C. § 1964(c). Section 1964(c) provides that a civil RICO plaintiff only has standing if he has been injured in his business and property due to a violation of § 1962. This requires proof of concrete financial loss. Oscar v. University Students Co-Op. Ass'n., 965 F.2d 783, 785 (9th Cir.1992). In his complaint, Anderson stated that the defendants deprived him of money and property. However, he did not provide any indication of how he was harmed or the extent of the harm. As a result, he failed to satisfy § 1964(c) and did not have standing to proceed.
 
 
 13
 Thus, for the foregoing reasons we hold that the district court did not err in dismissing Anderson's RICO claim.
 
 B. The California Common Law Claims
 
 14
 In addition to the RICO claim, Anderson brought a myriad of supplemental state law claims under California law. In his brief he contests the dismissal of the following claims: defamation, negligent misrepresentation, abuse of process, and unfair competition. We hold that the district court did not err in dismissing these claims because they were barred by § 47(b) of the California Civil Code.[2]
 
 
 15
 Section 47(b) protects statements made during the course of judicial proceedings. Silberg v. Anderson, 266 Cal.Rptr. 638, 641 (1990). The privilege is routinely applied in federal court. See e.g. Hagendorf v. Brown, 89 F.2d 478 (9th Cir.), amended 707 F.2d 1018 (1983). It is available if a statement is (1) made in a judicial or quasi-judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. Silberg, 266 Cal.Rptr. at 642.
 
 
 16
 We conclude that the prerequisites for applying the privilege are met in this case. The statements that serve as the basis of the state law claims were made in court by Rockwell's lawyers during the course of the earlier litigation between Anderson and Rockwell. Moreover, they were made for the express purpose of winning a dismissal of the action. As a result, the statements are protected and the district court did not err in dismissing the state law claims.
 
 
 17
 Anderson relies on several exceptions to Rule 47(b). First, he contends that the privilege should not apply because his claims are based on the defendants' noncommunicative conduct.[3] We disagree. This cause of action is based on a single allegedly false declaration. Anderson offers no evidence of any additional fraudulent conduct. His conclusory statements concerning the defendants' supposed dishonest business practices are simply insufficient to prevent application of Rule 47(b).
 
 
 18
 Similarly, Anderson's argument that the litigation privilege does not bar the "evidentiary" use of the defendants' allegedly false statement also fails. Anderson relies on Oren Royal Oaks v. Greenberg Bernhard, Etc., 232 Cal.Rptr. 567 (1986). However, this decision makes it clear that a privileged communication can only be used as evidence to establish a claim as long as the claim is not based on the privileged communication itself. Id. at 574. This restriction prevents an end run around Rule 47(b). Because Anderson wants to introduce the defendant's alleged false statement to prove claims based on the statement itself, the evidentiary exception does not apply in this case.
 
 
 19
 Finally, Anderson argues that he should be allowed to proceed because the alleged false statement was made to parties who were not involved in the earlier litigation between Rockwell and Anderson. He contends that these republications are not protected by the litigation privilege and are therefore actionable. This argument is unpersuasive, however, because Anderson fails to provide any indication that the declaration was ever made to a party unconnected with the prior litigation. Although he states that McNeice was told, he offers no competent evidence which suggests that this is true. The excerpt of the record documenting Highberger's exchange with the court only reveals that Highberger and McNeice had a discussion.[4] There is absolutely no reason to believe that the alleged false statement was disclosed.
 
 
 20
 However, even if the alleged false statement was disclosed during that conversation, we conclude that the litigation privilege would still apply. The conversation between Highberger and McNeice took place during the prior litigation between Anderson and Rockwell. Moreover, it was designed to achieve the objects of that litigation. Highberger talked to McNeice in order to uncover the true state of Anderson's health. He hoped to use this information to win a dismissal by proving that Anderson was well enough to comply with court orders and proceed to trial. Finally, contrary to Anderson's contention, McNeice was sufficiently connected with the prior litigation. As defense counsel in a previous litigation instituted by Anderson, McNeice had an interest in the outcome of the litigation between Anderson and Rockwell and possessed information that was highly relevant to the defendants.
 
 
 21
 Thus, because the alleged false declaration that serves as the basis of Anderson's common law claims is privileged under Rule 47(b), the claims are barred and the district court did not err in dismissing them under Rule 12(b)(6).
 
 III
 
 22
 Anderson argues that even if the district court was correct in dismissing his complaint, it erred by not giving him the opportunity to amend his claims. He contends that because the defendants had not filed a responsive pleading, he was entitled to amend his complaint as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure. Moreover, Anderson argues that justice required that he be given the chance to cure any defects so that he could test the merits of his claims.
 
 
 23
 We do not find either argument persuasive. First, Anderson is incorrect in stating that he was entitled to amend his complaint once as a matter of right prior to the filing of a responsive pleading. This circuit has made it clear that if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied prior to the filing of a responsive pleading if amendment would be futile. Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir.1990). In this case, the district court denied Anderson's request for leave to amend only after determining that amendment would be futile.
 
 
 24
 We conclude that this was clearly the right decision. As discussed above, Anderson's state law claims were barred by application of Rule 47(b). There was no reason to believe that by amending his complaint Anderson would have been able to advance a credible argument that the privilege did not apply. Similarly, Anderson's RICO claim was fatally deficient. Anderson offered no indication that he could satisfy the standing requirement of 28 U.S.C. 1964(c). In addition, there simply was no pattern of racketeering activity in this case.
 
 
 25
 Thus, the district court was correct in determining that justice did not require allowing Anderson to amend his complaint. Indeed, any doubt was put to rest by Anderson's utter failure to explain why Rule 11 sanctions should not be imposed. By giving Anderson the opportunity to defend his claims before sanctioning him, the district court essentially gave Anderson the opportunity to amend his complaint. His inability to resuscitate his claims indicates that formally granting leave to amend would have been futile.
 
 IV
 
 26
 Anderson contends that the district court erred in sanctioning him under Rule 11 of the Federal Rules of Civil Procedure. We disagree. Rule 11 requires a plaintiff to perform a reasonable inquiry before filing a complaint to ensure it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. See Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir.1986). Anderson did not meet this obligation. His complaint was factually deficient and legally meritless. It was the model of a frivolous complaint. The fine imposed by the district court was necessary to promote the deterrent effect of the rule.
 
 V
 
 27
 Finally, Anderson contends that the district court erred when it refused to amend the record to reflect certain changes he wanted made. This argument is unpersuasive. A review of the district court's order reveals that Anderson advanced five claims of error. One was valid and the district court recognized its mistake and agreed to correct it. We are convinced that the other four claims were meritless. In any event, they did not deprive Anderson of meaningful appellate review. Thus, we hold that the district court did not abuse its discretion in refusing to grant Anderson's request to amend the record.
 
 VI
 
 28
 The defendants ask this court to impose sanctions on Anderson for filing a frivolous appeal. Federal Rule of Appellate Procedure 38 provides that sanctions are warranted where the results of an appeal are obvious or the arguments on appeal are wholly without merit. Amwest Mortg. Corp. v. Grady, 925 F.2d 1162, 1 @@@@@ 1165 (9th Cir.1991). We find that sanctions are appropriate in this case.
 
 
 29
 Anderson raises substantially the same arguments he made before the district court. This is especially problematic given that the district court informed Anderson of the frivolous nature of these arguments on two occasions. In no uncertain terms, the district court explained why each of Anderson's claims lacked merit when it dismissed his complaint and when it imposed Rule 11 sanctions.
 
 
 30
 Anderson chose to ignore the district court's painstaking analysis and decided to take his chances before this court. He will now pay the cost of his self-indulgent litigation. Anderson needlessly imposed on the resources of this court and forced the appellees to incur attorney's fees and costs. Accordingly, because the results of this appeal were obvious and the arguments lacked merit, we hold that the appellees are entitled to reasonable attorney's fees and costs on appeal. We remand to the district court for the computation of these amounts.
 
 
 31
 AFFIRMED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, this circuit has held that under § 1962(c) a RICO plaintiff must allege an "enterprise" separate and distinct from the "persons" involved in the alleged scheme. This requirement does not apply for §§ 1962(a) and (b), however. Schreiber Dist. v. Serv-Well Furniture Co., 806 F.2d 1393, 1398 (9th Cir.1986)
 
 
 [2]
 In addition to holding that Rule 47(b) bars Anderson's common law claims, we also conclude that these claims fail under the substantive law of California. However, rather than explain how each is deficient, we simply adopt the analysis used by the district court in its order imposing Rule 11 sanctions
 
 
 [3]
 As support, Anderson cites Rubin v. Green, 5 Cal.Rptr.2d 331 (Cal.App. 4 Dist.1992); Kimmel v. Goland, 271 Cal.Rptr. 191 (1990); White v. Western Title Ins. Co., 221 Cal.Rptr. 509 (1985); Westlake Comm. Hosp. v. Superior Ct. of L.A. County, 131 Cal.Rptr. 90 (1976); and Durant Software v. Herman, 257 Cal.Rptr. 200 (Cal.App. 2 Dist.1989). Significantly, Rubin has been superseded by the California Supreme Court's grant of review and it no longer has precedential value. The other cases create a narrow exception to Rule 47(b) in situations where the gravamen of a plaintiff's complaint is noncommunicative conduct
 
 
 [4]
 The district court concluded that Anderson did not offer any evidence that the defendants ever spoke to McNeice. Anderson contests this finding, arguing that Highberger's exchange with the court clearly establishes that the defendants spoke with McNeice. We agree. However, we find that the district court's misstatement is immaterial because its ultimate conclusion is still correct: Anderson did not offer any evidence to suggest that the defendants disseminated the alleged false statement to an outside party