141 F.3d 1177
 RICO Bus.Disp.Guide 9490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David LAI, Plaintiff-Appellant,
v.
Randolph DICKINSON; International Immunology Corporation,
Defendants-Appellees.
 No. 97-55694.
D.C. No. CV-96-01646-JNK.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Lai appeals pro se the district court's order dismissing this action alleging violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), fraudulent concealment, racially-motivated racketeering activity, retaliatory termination, and libel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals based on res judicata. See Western Radio Servs. Co. v. Glickman, 115 F.3d 1422, 1426 (9th Cir.1997). We affirm.
 
 
 3
 A state court judgment generally has the same preclusive effect in federal courts as in the courts of the rendering state. See Clements v. Airport Authority of Washoe County, 69 F.3d 321, 328 (9th Cir.1995). Res judicata, or claim preclusion, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action." See C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987) (internal quotations omitted).
 
 
 4
 Because Lai's state court and federal court claims arise out of the same transactional nucleus of facts, rely on substantially the same evidence, and involve the infringement of the same right, the district court properly determined that Lai's RICO, fraudulent concealment, racially-motivated racketeering, and retaliatory termination claims are barred by the state court judgment. See Feminist Women's Health Center v. Codispoti, 63 F.3d 863, 868 (9th Cir.1995).
 
 
 5
 Lai's contention that the disclosure of the contents of his employee performance evaluation are libelous fails because those publications occurred during a judicial proceeding. See Hagendorf v. Brown, 699 F.2d 478, 480 (9th Cir.1983) (stating that, under California law, absolute privilege attaches to publications made in a judicial setting). The deficiencies of Lai's libel claim were incurable, and it was properly dismissed. See Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996) (stating that we may affirm dismissal for failure to state a claim on any basis fairly supported by the record).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee's request for judicial notice is granted regarding the opinion of the California Court of Appeals and the denial of Lai's petition for review to the California Supreme Court. See Fed.R.Evid. 201. Appellee's request for judicial notice of the draft vexatious litigant order is denied. Id